UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN CLAPPIER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UMPQUA BANK; UMPQUA HOLDING CORPORATION; KANIKA HOLLOWAY; JESSICK PARRACK, also known as Jessica Parrack; and Does 1 through 20, inclusive,<br><br>　　　　Defendants. | No. 2:15-cv-00896-JAM-CKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

　　Plaintiff Joan Clappier ("Plaintiff") sued her mortgage company and two of its employees in Nevada County Superior Court. Defendants Umpqua Bank, Umpqua Holding Corporation, Kanika Halloway, and Jessica Parrack (collectively, "Defendants") removed the case. Because removal was untimely, the Court remands.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 17, 2015.

1

1 ///

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff claims that Defendants breached verbal and written agreements to refinance the mortgage on her ranch. Compl. at 4-7. This breach allegedly caused Plaintiff to lose her ranch and her good credit rating. Id. at 12-13. Plaintiff sued Defendants in state court, asserting breach of contract, unfair business practices, fraud, violation of California Civil Code section 2924i, and slander of credit.

Plaintiff served Defendants with her complaint on February 22, 2015. Farrar Decl. ¶ 7; id. Exh. A. On April 23, 2015, an attorney for Defendants Umpqua Bank, Umpqua Holding Corporation, and Jessica Parrack "had [his] first extended conversation with [Defendant] Halloway." Kraft Decl. ¶ 7. This conversation revealed information about Halloway's bankruptcy, leading Defendants' attorney to conclude that Halloway was a sham defendant and that diversity jurisdiction was available. Id. Four days later, Defendants filed a notice of removal (Doc. #1).

About three weeks after removal, Plaintiff brought this motion to remand (Doc. #7). Defendants oppose the motion (Doc. #11).

## II. OPINION

A. Legal Standard

A defendant may remove a state-court action if the initial pleading could have been filed in federal court. 28 U.S.C. § 1446; Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006). However, a court must strictly construe the removal

statute against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

Defendants lose their right to removal if the notice of removal is untimely. Durham, 445 F.3d at 1253. If the basis for removal is apparent from the initial pleading, Defendants who seek removal must do so within thirty days after receiving that pleading. 28 U.S.C. § 1446(b); Durham, 445 F.3d at 1253. Although this time limit is not jurisdictional, it is "mandatory" and "cannot be extended by continuance or stipulation." Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980); Lewis v. City of Fresno, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008) (citations omitted). Nor can it be extended by later investigation revealing another basis for removal. Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1123 (9th Cir. 2013); Durham, 445 F.3d at 1253. A plaintiff seeking remand on the basis of untimely removal must move for remand within thirty days of the notice of removal. 28 U.S.C. § 1447(c).

B.  Judicial Notice

As an initial matter, Defendants request judicial notice of Plaintiff's complaint and Defendant Halloway's bankruptcy filings (Doc. #11-2). Because these documents are in the public record and are not subject to reasonable dispute, the Court takes judicial notice. See Fed. R. Evid. 201; Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 662, 689 (9th

Cir. 2001).

C.   <u>Analysis</u>

Plaintiff seeks remand on the basis that removal was untimely, and that there is neither federal question nor diversity jurisdiction. The Court does not reach the latter issues, because the first issue is dispositive.

The parties agree that Defendants filed their notice of removal more than thirty days after being served with the original complaint. Defendants put forth two arguments for why the Court should excuse the late filing. First, Defendants contend that Plaintiff should be estopped from objecting to timeliness because her attorney misled them. <u>See</u> Opp. at 4. Second, Defendants suggest that they were not subject to the thirty-day limitation, because their own investigation revealed "new information indicating grounds for removal." <u>See</u> <u>id.</u> at 5. Neither argument prevails.

Plaintiff's attorney has not engaged in "gamesmanship" or "sat on [Plaintiff's] rights". Defendants complain that Plaintiff's attorney failed to reveal that Plaintiff intended to move for remand, and led them to believe that a first amended complaint would be filed, thus "delaying [] removal." <u>Id.</u> at 4-5. But Plaintiff's motion to remand is timely, as it was filed within the thirty-day period prescribed by section 1447(c). Plaintiff's attorney was under no obligation to advise Defendants of his litigation strategy or to remind them about the time limits in the removal statutes. Even if Plaintiff's attorney had misled Defendants' counsel about Plaintiff's intention to file a first amended complaint, such amendment would not affect the

4

right to remove, which is based on the "initial" pleading. See 28 U.S.C. § 1446(b). Plaintiff has not waived her objections to Defendants' removal and is not estopped from seeking remand.

The Court also rejects Defendants' second argument. Defendants removed on the basis of both federal question and diversity jurisdiction. Notice of Removal at 2. They asserted federal question jurisdiction based on information revealed in the original complaint: namely, that Plaintiff's sixth cause of action was preempted by the Federal Fair Credit Reporting Act. See id. Because this basis for removal was apparent from the complaint, the thirty-day clock began to run when the complaint was served. And the clock was not reset by later-discovered information about Defendant Holloway. See Durham, 445 F.3d at 1253 ("When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking. . . . [L]ater disclosure that the case is also removable on another ground under section 1441 doesn't help bring [the case] into federal court.").

Defendants' removal was therefore untimely. The Court sustains Plaintiff's timely objection, and remands this case to Nevada County Superior Court.

## III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand.

IT IS SO ORDERED.

Dated: June 19, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5